UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RUDOLPH ROSSI,

        Plaintiff,

   -against-                                     9:00-CV-1521
                                                          (LEK/DEP)

GLENN GOORD, Commissioner
of DOCS, *et al.*,

        Defendants.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on March 27, 2006, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 103). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Rossi, which were filed on April 7, 2006. Objections (Dkt. No. 104).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.[1], [2]

---

[1] The Court wishes to note that in Plaintiff's objections, citation is made to the case of Wolf v. McDonald, 468 U.S. 539. See Objections (Dkt. No. 104) at ¶¶ 13-14, 16-17. However, despite the Court's researching, no case bearing that caption appears to exist in any of the State or Federal

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 103) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion for partial summary judgment (Dkt. No. 97) dismissing portions of Plaintiff's claims is **GRANTED**.  Therefore, **the following causes of action remain for trial:  Plaintiff's claims of food tampering and insufficient nutritional intake, which involve only Defendants Lutz, Decker and Annetts**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     September 28, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

courts of the United States.  The citation 468 U.S. at 539 (1984) corresponds to the case of Hudson v. Palmer, but that case and the relevant page pin cite do not appear to stand for the general proposition argued for by Plaintiff.  However, the Court believes that Plaintiff intended to cite the case of Wolff v. McDonnell, 418 U.S. 539 (1974), which was also cited by Judge Peebles in the Report, and, thus, the Court has reviewed Plaintiff's objections in light of the belief that Plaintiff intended to cite McDonnell.

[2] The Court has noted several citation errors, which do not otherwise impact in a material manner upon the Report-Recommendation.  The correct citation for the case of Johnson v. Keane is No. 92 Civ. 4287, 1993 U.S. Dist. LEXIS 19292 (S.D.N.Y. **Apr. 30, 1993**).  See Report-Rec. (Dkt. No. 103) at 4.  The Nepveu Decl. is Docket Number **97**, not 96.  See Report-Rec. (Dkt. No. 103) at 10.  The correct citation for the case of Tellier v. Fields is **280** F.3d 69 (2d Cir. 2000).  See Report-Rec. (Dkt. No. 103) at 24.  The correct citation for the case of Davidson v. Goord is No. 99-CV-555, 2000 WL **33174399** (W.D.N.Y. Sept. 27, 2000).  See Report-Rec. (Dkt. No. 103) at 28 n.16.  The correct pin citation for the case of Rossi v. Portuondo on page 32 of the Report is 713 N.Y.S.2d at **298**.  See Report-Rec. (Dkt. No. 103) at 32.  And, the correct short cite for the case of Chance v. Armstrong on page 48 of the Report is **143** F.3d at 701.  See Report-Rec. (Dkt. No. 103) at 48.