IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

RUDOLPH ROSSI,

           Plaintiff,

        vs.                        Civil Action No.
                                 9:00-CV-1521 (LEK/DEP)

GLENN GOORD, Commissioner of the
Department of Correctional Services, *et al.*,

           Defendants.

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

RUDOLPH ROSSI, *et al.*

FOR DEFENDANT:

HON. ANDREW M. CUOMO        KATE H. NEPVEU, ESQ.
Attorney General of the           Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

     Plaintiff Rudolph Rossi, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this civil rights

action pursuant to 42 U.S.C. § 1983 complaining of constitutional deprivations allegedly experienced while confined within the Shawangunk Correctional Facility ("Shawangunk").  The complaint filed by Rossi in the action was multi-faceted, complaining of various matters including, *inter alia*, cruel and unusual punishment in the form of verbal harassment and the use of excessive force against him by prison officials.

On March 27, 2006, I issued a report recommending that a motion by the defendants for partial summary judgment be granted, and that the majority of claims set forth in plaintiff's complaint be dismissed as a matter of law.  Plaintiff now seeks reconsideration of the portion of that recommendation, later adopted by the assigned district judge, which resulted in the dismissal of an excessive force claim that was not the subject of defendants' summary judgment motion.  Because I find that reconsideration of my earlier recommendation is warranted in order to correct a clear error and prevent manifest injustice, and in light of the apparent consent of the defendants to the limited relief now requested, I recommend that plaintiff's motion be granted.

I.      BACKGROUND

Plaintiff commenced this action on October 5, 2000.  Dkt. No. 1.  In

2

his complaint, plaintiff complained of various matters including violation of his First Amendment free religious exercise rights, the use by prison officials of excessive force, denial of procedural due process, deliberate indifference to his medical needs, cruel and unusual punishment, and unlawful retaliation.  Named as defendants in plaintiff's complaint are Glenn Goord, who at the time was the Commissioner of the New York State Department of Correctional Services ("DOCS"), Shawangunk Superintendent Leonard Portuondo, and several other corrections workers employed at the facility.[1]

In one of the claims asserted in his complaint, Rossi alleges that on or about July 4, 1999, he was assaulted by Corrections Officers Freer and Rankin, and that those individuals, together with Corrections Sergeant Kobelt, conspired to commit the assault and later cover it up by issuing the plaintiff a false misbehavior report charging him with kicking Corrections Officer Freer.[2]  Complaint (Dkt. No. 1) ¶¶ 152-64.

───────────────────

[1]      Since commencement of this action, defendant Goord has been succeeded as Commissioner by Brian M. Fischer.  Because plaintiff's complaint seeks monetary damages against defendant Goord in his individual capacity, and does not request injunctive relief against him based upon his official position, however, substitution of Commissioner Fischer into the action is neither appropriate, nor warranted.

[2]      That misbehavior report led to a disciplinary hearing, at which plaintiff was found guilty of having assaulted a corrections worker and sentenced principally to

On February 1, 2005 defendants moved seeking the entry of partial summary judgment dismissing certain of plaintiff's claims.[3]  Dkt. No. 97. Following referral of that motion to me, I issued a report on March 27, 2006 in which I recommended that all of the remaining claims asserted by plaintiff in his complaint be dismissed, with the exception of a cause of action related to alleged food tampering and insufficient nutritional intake, leaving only Corrections Sergeant W. Lutz, Corrections Captain K. Decker and Deputy Superintendent Paul Annetts as defendants in the case.  Dkt. No. 103, at 52-54.  That report and recommendation was adopted by District Judge Lawrence E. Kahn on September 28, 2006.  Dkt. No. 107.

On December 5, 2006, following a telephone conference with the court in which he was granted permission to file such an application, plaintiff moved seeking reconsideration of the portion of my earlier report which recommended dismissal of plaintiff's excessive force claims against defendants Freer, Rankin and Kobelt.  Dkt. No. 110.  In that application, plaintiff notes that defendants' summary judgment motion papers clearly

---

a six month period of disciplinary confinement in the facility's special housing unit ("SHU").  Nepveu Decl. (Dkt. No. 97) Exhs. P & Q; Complaint (Dkt. No. 1) ¶¶ 164-70.

[3]     Portions of plaintiff's complaint were dismissed earlier based upon report and recommendation issued by me on October 24, 2003, addressing cross-motions by the parties for summary judgment, and adoption of that report and recommendation by District Judge Lawrence E. Kahn on January 20, 2004.  Dkt. Nos. 78, 83.

articulated that they did not seek dismissal of that claim. *Id.* Defendants'

counsel has since submitted a letter, dated January 4, 2007, advising that

defendants do not oppose the clarification sought by the plaintiff provided

that it is equally clear from the court's ruling granting the requested

reconsideration that the court did in fact dismiss the portion of plaintiff's

claims alleging that he was arbitrarily found guilty at the ensuing

disciplinary hearing for assaulting staff members, and that dismissal is not

affected by the reconsideration.  Dkt. No. 114.

## II.    DISCUSSION

The non-settling defendants' motion implicates both Rule 60(b) of

the Federal Rules of Civil Procedure and Northern District of New York

Local Rule 7.1(g).[4]  In this district, reconsideration of an order entered by

---

[4]      Rule 60(b) directly addresses the standard to be applied when relief from
a final judgment or order is sought, and provides in relevant part that

> [o]n motion and upon such terms as are just, the court
> may relieve a party...from a final judgment, order, or
> proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have
> been discovered in time to move for a new trial under
> Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct
> of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any

5

the court is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. Partnership*, 182 B.R.1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.); *see also Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002) (McCurn, S.J.) (citing *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.)). Applications for reconsideration are also subject to an overarching "clearly erroneous" gauge. *Sumner*, 103 F. Supp. 2d at 558.

The benchmark for seeking reconsideration of a court's order has been described as "demanding[.]" *Id.* A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "'intended to give an unhappy litigant one additional chance to sway the judge.'" *Brown v. City of Oneonta, New York*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (McAvoy, C.J.) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va.

---

other reason justifying relief from the operation of the judgment[.]

Fed. R. Civ. P. 60(b). Local Rule 7.1(g), on the other hand, merely details a procedure to govern motions for reconsideration, without setting out an applicable standard for determining such applications. N.D.N.Y.L.R. 7.1(g).

1977)).  To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995) (citations omitted).

In this instance it is clear that my prior report to District Judge Kahn, addressing a host of distinct claims contained within plaintiff's comprehensive complaint, overlooked plaintiff's excessive force claim and the fact that defendants were not seeking dismissal of that claim. Although defendants' notice of motion filed in connection with that summary judgment application did not specify which of plaintiff's claims were being challenged, in their memorandum they specifically referred to the alleged assault and unequivocally stated that "[d]efendants do not move with regard to the alleged assault, but do request summary judgment on plaintiff's claim that he was found arbitrarily found [sic] guilty by Deputy Superintendent Decker at the ensuing disciplinary hearing for assault on staff, concluded July 29, 1999 (Complaint ¶¶ 165-66) (Exhibits P-R)." Defendants' Memorandum (Dkt. No. 97) at 5. To the extent that my earlier report recommended dismissal of plaintiff's excessive force

7

claim, it therefore plainly exceeded the scope of the relief requested in defendants' motion.  Accordingly, reconsideration and reinstatement of that excessive force claim is required in order to rectify a clear error, and avoid manifest injustice.

III.   SUMMARY AND RECOMMENDATION

Finding that my prior report recommended dismissal of claims which included an excessive force cause of action asserted by the plaintiff in his complaint against defendants Kobelt, Freer and Rankin, despite the fact that defendants did not seek dismissal of that claim in their motion for summary judgment, and based upon defendants' consent to the relief now sought, it is hereby

RECOMMENDED that plaintiff's motion for reconsideration (Dkt. No. 110) be GRANTED, and that plaintiff's excessive force claim against defendants Kobelt, Freer and Rankin be REINSTATED, subject to the understanding that the portions of plaintiff's claims related to the ensuing misbehavior report and disciplinary finding from July of 1999 were properly dismissed, and are not part of my recommendation for reinstatement.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within

which to file written objections to the foregoing report.  Such objections

shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS

REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*,

984 F.2d 85 (2d Cir. 1993).

The clerk is directed to promptly forward copies of this order to the

parties in accordance with this court's local rules.

Dated:      February 22, 2007
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\prisoner\rossirep-rec.wpd

9